1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9
10

PUGET SOUND ELECTRICAL WORKERS
PENSION TRUST,

11

                Plaintiff,

    v.

12
13
14

GLOBAL EXPERIENCE SPECIALISTS, INC., a
Nevada corporation d/b/a GES EXPOSITION
SERVICES d/b/a G E S LOGISTICS and d/b/a
TRADE SHOW ELECTRICAL,

15

                Defendant.

Cause No. 16-cv-793

COMPLAINT FOR MONETARY DAMAGES

16

## I.  PARTIES

17      1.1      Plaintiff Puget Sound Electrical Workers Pension Trust (the "PSEW Pension

18   Trust") is a Taft-Hartley trust fund established for the purpose of providing benefits for

19   the support of eligible employees after retirement and/or their beneficiaries.  The PSEW

20   Pension Trust maintains its principal office in Seattle, King County, Washington.

21      1.2      Defendant Global Experience Specialists, Inc. ("GES") is a Nevada

22   corporation with its principal place of business in Las Vegas, Clark County, Nevada.  It is

23   qualified to conduct business in the State of Washington, with a business address in

24   Renton, King County, Washington.  GES operates with several trade names, including

25
26

**EKMAN THULIN, P.S.**
**ATTORNEYS AT LAW**
220 WEST MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119-3966
(206) 282-8221

GES Exposition Services, G E S Logistics, and Trade Show Electrical.  GES also operates as a division of Viad Corporation, a publicly traded corporation.

## II.  JURISDICTION AND VENUE

2.1   This Court has jurisdiction pursuant to §4301(c) of the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. §1451(c).

2.2   Venue in this Court is proper pursuant to §4301(d) ERISA, codified at 29 U.S.C. §1451(d), as defendant GES, at all relevant times, resides and conducts business in this district.

## III.  FACTS

3.1   On or about August 12, 2013, GES entered into a successor *Convention, Trade Shows & Events Agreement* (the "Labor Agreement") with the International Brotherhood of Electrical Workers, Local No. 46 (the "Union"), effective July 1, 2013 through June 30, 2016.

3.2   The Labor Agreement obligated GES to pay into several Taft-Hartley trust funds to provide benefits for its covered workers, including the PSEW Pension Trust.

3.3   Upon information and belief, GES reported and paid fringe benefit contributions to the PSEW Pension Trust for at least the period 1992 through 2016. GES's reporting and payment of fringe benefit contributions is ongoing.

3.4   For purposes of withdrawal liability, GES partially withdrew from the PSEW Pension Trust as defined and set forth in §4205 ERISA, codified at 29. U.S.C. §1385.

3.5   GES's partial withdrawal resulted in the assessment of withdrawal liability by the PSEW Pension Trust.  On January 27, 2015, the PSEW Pension Trust notified GES in writing that the company was liable for $136,708.00 in pension contributions, payable in lump sum, or by quarterly payments of $17,071.00, the first quarterly payment due on March 1, 2015.

**EKMAN THULIN, P.S.**
**ATTORNEYS AT LAW**
220 WEST MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119-3966
(206) 282-8221

3.6     GES has not tendered any payment whatsoever to the PSEW Pension Trust in order to satisfy its withdrawal liability obligations.

3.7     No arbitration proceeding was initiated by either GES or the PSEW Pension Trust.

3.8     Because GES has not tendered any payment, the company is in default and the entire $136,708.00 amount is immediately due.

3.9     GES's default also subjects it to liquidated damages, interest, attorney fees, and costs of collection.

## IV.  CAUSE OF ACTION

### First Cause of Action
### (Violation of ERISA)

4.1     Plaintiff realleges each and every allegation contained in ¶¶3.1 – 3.9, above.

4.2     GES is an employer as defined by §3(5) ERISA, codified at 29 U.S.C. §1002(5).

4.3     GES's failure to make payment of its withdrawal liability is a violation of §§4301, 515 ERISA, codified at 29 U.S.C. §§1451(b), 1145.

4.4     As a result of GES's violation, the PSEW Pension Trust has been damaged in an amount to be proven at trial, but not less than $136,708.00.

## V.  REQUESTED RELIEF

Plaintiff Puget Sound Electrical Workers Pension Trust respectfully requests the Court grant the following:

A.     Judgment in favor of the Puget Sound Electrical Workers Pension Trust against GES, in an amount to be determined at trial, but not less than $136,708.00, representing past-due withdrawal liability payments owed by defendant;

COMPLAINT FOR MONETARY DAMAGES – 3
16-cv-793

**EKMAN THULIN, P.S.**
**ATTORNEYS AT LAW**
220 WEST MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119-3966
(206) 282-8221

B.    Judgment in favor of the Puget Sound Electrical Workers Pension Trust against GES in an amount to be determined at trial, but not less than $27,341.60, representing liquidated damages on the unpaid withdrawal liability assessment, at the twenty percent (20%) rate specified in the Puget Sound Electrical Workers Pension Trust agreement, pursuant to 29 U.S.C. §1132(g);

C.    Judgment in favor of the Puget Sound Electrical Workers Pension Trust against GES, in an amount to be determined at trial, representing accrued prejudgment interest on all liquidated sums owed by defendant through the date of this complaint, pursuant to 29 U.S.C. §1132(g);

D.    An award of post-judgment interest on all liquidated sums owed by defendant, pursuant to 29 U.S.C. §1132(g);

E.    An award of attorney fees and costs to the Puget Sound Electrical Workers Pension Trust, pursuant to 29 U.S.C. §§1132(g), 1451(c); and

F.    Any other such relief under federal law or as is just and equitable.

Dated: May 31, 2016.

Jeffrey G. Maxwell, WSBA #33503
Ekman Thulin, P.S.
220 W Mercer Street, Suite 400
Seattle, Washington 98119
(206) 282-8221 (t)
(206) 285-4587 (f)
j.maxwell@ekmanthulin.com

Attorneys for Plaintiff Puget Sound
Electrical Workers Pension Trust

COMPLAINT FOR MONETARY DAMAGES – 4
16-cv-793